```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT

Zack McCain,                     :
        Plaintiff,                :
                                 :
        v.                       :    File No. 2:09-CV-247
                                 :
City of Burlington, Linda        :
Levitt, Brian LaBarge,           :
Jane or John Doe, Mary           :
Morrissey, Jesse Stewart,        :
Whitney Taylor, Greg             :
Graham, Robert Hofmann,          :
James Muller, Michael J.         :
Straub,                          :
        Defendants.               :
```

## OPINION AND ORDER
(Doc. 60)

Plaintiff Zack McCain, proceeding *pro se*, moves for reconsideration of an Opinion and Order dated August 30, 2010. The Opinion and Order pertained to motions to dismiss filed by various defendants, including a state court judge, prosecution and defense attorneys, and a group of City of Burlington police officers. The Court dismissed some defendants, but declined to dismiss the City defendants in their individual capacities.

For the reasons that follow, the motion for reconsideration is DENIED.

## Legal Standard

It is it well settled that "[t]he standard for

granting a motion to reconsider is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion to reconsider should not be granted to relitigate an issue already decided." *Id.* "'Motions for reconsideration must be narrowly construed and the standard strictly applied to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court, to ensure finality, and to prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters.'" *Lewis v. Rosenfeld*, 145 F. Supp. 2d 341, 343 (S.D.N.Y. 2001) (quoting *Ackoff-Ortega v. Windswept Pac. Entm't Co.*, 130 F. Supp. 2d 440, 443 (S.D.N.Y. 2000)).

### Discussion

The Court assumes the parties' familiarity with the factual background of this case, as set forth in McCain's 83-page complaint and summarized in the Court's August 30,

2010 Opinion and Order.  In his motion for reconsideration, McCain first focuses upon the portions of his plea agreement that required him to leave the State of Vermont, and to forfeit money recovered during his arrest. McCain argues that the agreement violated his constitutional right to travel, that requiring him to report to state officials upon his arrival out-of-state violated his right to free speech, and that none of the defendants had authority to offer, impose or enforce such a condition.  (Doc. 60-1 at 7-12.)

    McCain presented these same arguments previously.  He now submits, however, that he is presenting "new authority, that he didn't have access to, [until] after the Court ruling . . . ."  (Doc. 66 at 2.)  He also argues that his factual claims were sufficient to survive the motions to dismiss.

    The Court's Opinion and Order noted that, as a factual matter, nothing in McCain's plea agreement prevented him from returning to Vermont.  The Court also concluded that the judge who authorized the plea agreement and the attorneys who negotiated the deal are entitled to immunity for their actions.  The case law now cited by McCain does

not indicate error on these points, and fails to highlight any legal principle that the Court overlooked.

McCain relies heavily upon Doe v. Phillips, 81 F.3d 1204 (2d Cir. 1996), a case discussed in the Court's Opinion and Order, for the proposition that immunity may be denied where the defendant acted beyond his or her jurisdiction.  The Court distinguished Phillips, finding that all terms of McCain's plea agreement, including the forfeiture of cash, were agreed to by the parties, and none were so "'manifestly or palpably beyond [the government official's] authority.'" (Doc. 56 at 27) (quoting Schloss v. Bouse, 876 F.2d 287, 291 (2d Cir. 1989)).

McCain also argues that his allegations of "implicit agreements" were sufficient to allege various conspiracies.  Again, McCain offers no new facts, instead inviting the Court to re-read the Complaint.  (Doc. 60-1 at 13-14).  Because he is merely repeating arguments made previously, McCain has failed to set forth grounds for reconsideration.

McCain's final argument is that Robert Hofmann, formerly the Commissioner of the Vermont Department of

Corrections, should be held liable for failing to allocate funds to improve the living conditions at the Chittenden Regional Correctional Facility.  According to McCain, "[it is] common sense the way a prison is ran, to make [Hofmann] responsible for making budgetary decisions." (Id. at 15.)  The motion for reconsideration does not address the Second Circuit standard for supervisor liability under 42 U.S.C. § 1983, set forth in the Court's Opinion and Order, and points to no facts or controlling case law that the Court allegedly overlooked.  The Court therefore sees no valid reason to reconsider its prior ruling.

## Conclusion

For the reasons set forth above, McCain's motion for reconsideration is DENIED.

Dated at Burlington, in the District of Vermont, this 11th day of March, 2011.

>                /s/ William K. Sessions III
>                William K. Sessions III
>                Judge, United States District Court