UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Zack McCain,                      :
         Plaintiff,              :
                                  :
         v.                      :    File No. 2:09-CV-247
                                  :
City of Burlington, Linda        :
Levitt, Brian LaBarge,           :
Jane or John Doe, Mary           :
Morrissey, Jesse Stewart,        :
Whitney Taylor, Darryl           :
Graham, Robert Hofmann,          :
James Muller, Michael J.         :
Straub, Chittenden County,       :
Lauren R. Pezzullo,              :
Jennifer Morrison,               :
Margaret Delano, Kevin           :
Wilson,                          :
         Defendants.             :

OPINION AND ORDER
(Doc. 85)

     Plaintiff Zack McCain, proceeding *pro se*, moves for
reconsideration of the Court's Opinion and Order, dated
August 18, 2011, granting Defendant Darryl Graham's motion
to dismiss.  For the reasons set forth below, the motion for
reconsideration is DENIED.

Background

     The Court assumes the parties' familiarity with the
factual background of this case, as set forth in McCain's
83-page Complaint and summarized in the Court's August 30,
2010 and August 18, 2011 Opinion and Orders.  Briefly

stated, the current motion pertains to McCain's claim against Darryl Graham, a shift supervisor at Chittenden Regional Correctional Facility ("CRCF").  The allegation is that Graham assigned McCain to less preferable housing when McCain refused to work in the prison kitchen.  McCain argues that the reassignment violated his due process rights.  The Court disagreed, and further concluded that Graham was entitled to qualified immunity.

McCain now presents the Court with two pieces of additional documentation.  The first is a prison grievance form in which a Corrections Officer was instructed not to reassign detainees to new units when they refused to work. (Doc. 85-1.)  The second is a 1996 Order from this Court acknowledging a settlement agreement between a class of inmates and the State regarding prison conditions.  (Doc. 85-2.)  The settlement agreement apparently referenced gymnasium housing at the Northwest Regional Correctional Facility.  (Doc. 85-2 at 3.)  McCain argues in his motion for reconsideration that these documents should have put Defendant Graham on notice that his conduct was unlawful. McCain also contends that the settlement agreement created a liberty interest.

<u>Discussion</u>

It is well settled that "[t]he standard for granting a motion to reconsider is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "'Motions for reconsideration must be narrowly construed and the standard strictly applied to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court, to ensure finality, and to prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters.'" *Lewis v. Rosenfeld*, 145 F. Supp. 2d 341, 343 (S.D.N.Y. 2001) (quoting *Ackoff-Ortega v. Windswept Pac. Entm't Co.*, 130 F. Supp. 2d 440, 443 (S.D.N.Y. 2000)).

McCain's motion does not meet the standard for reconsideration, as nothing in these newly-submitted documents might reasonably be expected to alter the Court's decision.  Specifically, the additional

3

documentation does not impact the Court's conclusion that "the law was not sufficiently clear for Defendant Graham to have reasonably understood that his alleged conduct was unlawful." (Doc. 84 at 10.) Even assuming that Graham had knowledge of the 2008 grievance, a grievance resolution does not necessarily reflect clearly established law for purposes of qualified immunity. Moreover, the 1996 settlement agreement does not appear to pertain to the due process questions presented here.

Furthermore, McCain has not demonstrated to the Court why these documents, each of which predated the filing of the Complaint, were not submitted sooner. McCain claims that he discovered the 2008 grievance form "[w]hile looking through my files." Courts have held, however, that evidence which was "in the possession of the party before the judgment was rendered . . . is not newly discovered and does not entitle [the movant] to relief." *Patel v. Lutheran Med. Ctr., Inc.*, 775 F. Supp. 592, 596 (E.D.N.Y. 1991) (citing, *inter alia*, *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983).

With respect to the settlement agreement, McCain allegedly made inquiries about the inmate class action

only *after* the Court issued its Opinion and Order.  (Doc. 89 at 1-2.)[1]  The settlement agreement was a matter of public record, was apparently available through due diligence, and thus may not be presented for the first time in a motion for reconsideration.  *See Stewart Park Reserve Coalition Inc. v. Slater*, 374 F. Supp. 2d 243, 254 (N.D.N.Y. 2005) (citing *Oxford House, Inc. v. City of Albany*, 155 F.R.D. 409, 410 (N.D.N.Y. 1994)).  McCain is therefore not entitled to relief.

<u>Conclusion</u>

For the reasons set forth above, McCain's motion for reconsideration (Doc. 85) is DENIED.

Dated at Burlington, in the District of Vermont, this 9th day of November, 2011.

/s/ William K. Sessions III
William K. Sessions III
Judge, United States District Court

---

[1]  McCain appears to be confused about the date on which he received the Court's Opinion and Order.  In his reply memorandum, he states that he received the Opinion and Order on September 11, 2011.  (Doc. 89 at 1.)  His motion for reconsideration, however, was filed on September 6, 2011.